UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTRECE BROOKS,<br>Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. 4:22-CV-671-P |
| v. | §<br>§ | |
| FORT WORTH POLICE<br>DEPARTMENT,<br>Defendant. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CLAIMS AGAINST FORT WORTH POLICE DEPARTMENT PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On August 4, 2022, *pro se* Plaintiff Antrece Brooks ("Brooks") filed a Complaint [doc. 1] against the Fort Worth Police Department ("FWPD" or "Defendant"). Brooks seeks injunctive relief, including "the closure of the [FWPD] report," and "request[s] that the defendant perform 500 hours of community service" for "cutting more than 4 inches [of her] hair." (Plaintiff's Complaint ("Pl.'s Compl.") at 2.) Brooks filed a Motion for Leave to File *In Forma Pauperis* [doc. 4] on August 4, 2022, and the undersigned granted the motion on August 9, 2022 [doc. 5].

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). This requirement demands "more than labels and conclusions, [or]

1

a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Brooks' claims against FWPD are not amenable to suit. Courts in this jurisdiction have long established police departments do not have "jural existence," in that they are "not entit[ies] capable of being sued." *Brodzki v. N. Richland Hills Police Dep't*, No. 3:10-CV-539-P, 2010 WL 1685799, at *1; *Darby v. Pasadena Police Dep't*, 929 F.2d 311, 313 (5th Cir. 1991); *see also Ricks v. Mack*, No. 4:15-CV-209-A, 2015 WL 2330133 at *2 (dismissing plaintiff's claims against defendant Bedford Police Department because police department is not capable of being sued). The proper defendant is the city in which the department resides. *See Ricks*, 2015 WL 2330133 at *2. As the FWPD is a non-jural entity incapable of being sued, all claims against it should be **DISMISSED**.

## RECOMMENDATION

Based on the foregoing, it is recommended that, pursuant to 28 U.S.C. § 1915(e), all claims in the above-styled and numbered cause against FWPD be dismissed as Brooks, in her complaint, has failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed

findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 29, 2022,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED August 15, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE